UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

COMMODORE JACKSON,
  Plaintiff,

vs.                                                No. 07-1354

LIEUTENANT FRENCH and OFFICER MCBURNEY,

  Defendants

MERIT REVIEW AND CASE MANAGEMENT ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Pontiac Correctional Center. The plaintiff has named two defendants: Lieutenant French and Correctional Officer McBurney.

    The plaintiff says on September 12, 2007, Defendant French asked the plaintiff if he planned to go outside for yard time. The plaintiff said he was, but the defendant would not let him go. The plaintiff says the defendant was retaliating for a grievance he had filed in July. The body of the plaintiff's complaint only makes reference to the refusal of yard time on one occasion. However, in the "relief requested" portion of the complaint, the plaintiff asks for damages for each day he was refused outdoor recreation.

    The plaintiff has adequately alleged that Defendant French retaliated against him in violation of the First Amendment. Prison officials may not retaliate against inmates for filing grievances. *See Walker v Thompson,* 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter,* 224 F.3d 607 (7th Cir. 2000); *Babcock v. White,* 102 F.3d 267 (7th Cir. 1996).

    The plaintiff has not alleged facts from which the court can infer that the lack of outdoor time rises to the level of an Eighth Amendment violation. The plaintiff "claims only to have been deprived of yard or recreation time, not all exercise. In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue." *Harris v Fleming,* 839 F.2d 1232, 1236 (7th Cir. 1988).

    The plaintiff next states that on November 11, 2007, he was transferred to the North Cell House. Defendant McBurney greeted the plaintiff by stating, "If you bring that bullshit over

1

here from the East House, I will bury your ass?" (Comp, p. 5) The plaintiff says the defendant made other threatening statements on that day and he fears for his life. The plaintiff does not claim that the defendant made statements at any other time, but does say the defendant's statements were in retaliation for his earlier grievance.

The comments made by Defendant McBurney are not actionable because his verbal comments on one occasion do not rise to the level of a constitutional violation. *See DeWalt,* 224 F.3d at 612; *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987); *Patton v Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). However, the plaintiff also claims that the threats were made in retaliation for his earlier grievance and the officer was referring to the grievance he filed while in the East Cell house. Therefore, the plaintiff has stated a claim that Defendant McBurney retaliated against him in violation of his First Amendment rights.

Finally, the plaintiff claims that his cell in the North Cell House did not have a fully functioning toilet and he was forced to live with the smell of feces. The plaintiff's complaint does not clearly state who placed him in the cell or if he complained to either of the defendants about the cell. However, the plaintiff is proceeding pro se and has named only two defendants. For notice pleading purposes, the court finds that the plaintiff has stated a violation of his Eighth Amendment rights. In order to prove this violation based on living conditions, the plaintiff will have to demonstrate that the alleged deprivation was "sufficiently serious" and that the defendants had a "sufficiently culpable state of mind." *Vance v Peters,* 97 F.3d 987, 991 (7th Cir. 1996).

For clarification of the record, the court notes that all of the plaintiff's claims are against the defendants in their individual capacities only. Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff has filed a motion for appointment of counsel. [d/e 3]  Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993)  Before a court will inquire as to whether a circumstances of a case are exceptional, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007). The plaintiff's motion makes no such representation.

In addition, the plaintiff appears competent to proceed *pro se* based on his submissions. The case does not appear to be complex and the court has set forth the controlling law in this merit review order. Lastly, the present record is not developed enough to determine whether appointed counsel would make any difference in this case's outcome. The motion is therefore denied.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

   a) Defendant French retaliated against the plaintiff in violation of the First Amendment.

   b) Defendant McBurney retaliated against the plaintiff in violation of the First Amendment.

   c) Defendants McBurney and French violated the plaintiff's Eighth Amendment rights by placing him in a cell with no working toilet.

2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order. The defendants shall file an answer to the claims outlined in this order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

7) The plaintiff's motion for appointment of counsel is denied. [d/e 3]

Entered this   7th   Day of February, 2008.

                                            s\Harold A. Baker
                                    HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE